# EXHIBIT 1

The Honorable Josephine Wiggs-Martin

IN THE KING COUNTY SUPERIOR COURT FOR THE
STATE OF WASHINGTON

| | |
|---|---|
| JOSHUA BROTHERS, as Litigation Guardian Ad-Litem for REYMON LEAVELL, a single individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ESTEBAN MONREAL, SCOTT LAPIERRE, BENJAMIN TIMBS, MOLLY ACCOMANDO, FRANKLIN POBLOCKI, JONATHAN GOODWIN, WALKER DICKSON, AND CITY OF SEATTLE, a lawful municipal corporation in the State of Washington, JOHN DOES ONE THROUGH THREE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 21-2-09987-1 SEA<br><br>**PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |

Plaintiff, REYMON LEAVELL ("Leavell"), by and through his attorney, JAY H. KRULEWITCH, hereby states and alleges as follows:

**I. JURISDICTION AND VENUE**

1.1     This Court has concurrent jurisdiction over Plaintiff's federal civil rights claims under Title 42 United States Code § 1983.

1.2     This Court has jurisdiction over Plaintiff's state law claims and over defendants as to such claims.

AMENDED COMPLAINT FOR DAMAGES-1

1.2     The acts and omissions complained of herein occurred in the City of Seattle, in King County, Washington, and the Defendants are residents and citizens of the state of Washington.

1.3     Plaintiff is a resident of King County, Washington.

1.4     Venue is predicated upon the fact that the acts complained of occurred in the City of Seattle, in King County, Washington, and that the Defendants, City of Seattle and Esteban Monreal, Scott LaPierre, Benjamin Timbs, Molly Accomando, Franklin Poblocki, Jonathan Goodwin, and Walker Dickson, and John Does One through Three committed the Acts complained of in King County, Washington.

1.5     Supplemental jurisdiction is sought for the state-based claims set forth below beginning at paragraph 6.1, below.

1.6     With regard to Plaintiff's State Tort Claim of Negligence, Plaintiff has properly complied with RCW 4.96.020, the Notice of Claim statute, by serving the City of Seattle with his Notice of Claim for Damages.

## II. PARTIES

2.1     Plaintiff Reymon Leavell, a single, adult person, at all times material to this cause of action, was a resident of Seattle, of King County, Washington.  On July 22, 2021, Joshua Brothers, a lawyer in the City of Seattle, was appointed as a litigation guardian ad-litem on behalf of Reymon Leavell, a person with physical, cognitive, and intellectual deficits.  Mr. Leavell's claim is being brought through Joshua Brothers.

2.2     Defendant Esteban Monreal, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

AMENDED COMPLAINT FOR DAMAGES-2

2.3    Defendant Scott LaPierre, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.4    Defendant Benjamin Timbs, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.5    Defendant Molly Accomando, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.6    Defendant Franklin Poblocki, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.7    Defendant Jonathan Goodwin, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.8    Defendant Walker Dickson, at all times material to this cause of action, was a police officer with the Seattle Police Department and was acting within the course and scope of his employment.

2.9    Defendant City of Seattle, at all times material to this cause of action, was a lawful municipal corporation in the State of Washington.  As part of its municipal services, Defendant City of Seattle operates, manages, controls, and/or runs the Seattle Police Department ("SPD"), a bona fide law enforcement agency that provides law enforcement services for the City of Seattle and its residents at-large.

**AMENDED COMPLAINT FOR DAMAGES-3**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

2.10    Defendants John Does One through Three at all times material to this cause of action were SPD police officers who were acting in a supervisory or management-level capacity with regard to the incident in question and who were acting in the course and scope of their employment.

### III. FACTUAL BACKGROUND

3.1    Plaintiff Reymon Leavell is a single individual, an African-American man with cognitive and intellectual deficits.  Reymon suffered trauma at birth which resulted in physical as well as mental/cognitive deficits including hemiparesis, i.e. partial paralysis of the right arm.  Mr. Leavell's deficits, both cognitive and physical, are apparent and observable to people who interact with him.

3.2    On the day of the incident, August 9, 2018, just prior to 1:53 p.m., Mr. Leavell was doing what he always enjoyed doing, which was to use the Madrona-Sally Goldmark Branch of the Seattle Public Library, located at 134 33rd Ave, Seattle, WA 98122,  for his own personal enjoyment.  He was listening to and/or downloading music from the music on file and/or available at the library.  He was not bothering anyone.  He was not acting in a strange or bizarre manner.  He was not threatening anyone.  He was not threatening any harm to himself or others.  He did not possess any kind of weapon.  And he did not possess a firearm.

3.3    According to SPD Incident Report Number 2018-295695, the SPD 911 Dispatch Center received a call from a male caller who claimed to be seventeen years old and said he was at the Madrona-Sally Goldmark Branch of the Seattle Public Library ("Library") claiming to have a gun.  The caller claimed to be threatening to commit suicide.  It was later determined that this was a fictitious call, a prank call.  Apparently, around this time period, the SPD 911 Dispatch Center also received other calls from the same caller, of which at least one had occurred before the incident in question.  In addition, the SPD 911 Dispatch Center had one of their operators call

AMENDED COMPLAINT FOR DAMAGES-4

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

the Library to assess the situation before SPD sent officers into the Library to respond to this situation. On the computer assisted dispatch ("CAD") record, the 911 operator evidently spoke to a librarian who said that there was no situation going on at the time.

3.4     Despite these substantial contradictions and problems with the 911 call received from the 911 Caller, SPD organized and sent in a SWAT Team to the Madrona-Sally Goldmark Branch of the Seattle Public Library. The above-named officers, i.e. Estefan Monreal, Scott LaPierre, Benjamin Timbs, Molly Accomando, Franklin Poblocki, Jonathan Goodwin, and Walker Dickson, comprised the SWAT Team and/or assisted with this SPD Response at the Library.

3.5     Shortly after entering the Library, the above-named officers spotted the Plaintiff, Reymon Leavell, in the library and confronted him with firearms out, present, and ready to be used. One or more officers pointed their firearms directly at Mr. Leavell. Mr. Leavell, who had been doing nothing wrong, became immediately scared and fearful for his own life. The above-named Defendants knew or should have known that Mr. Leavell was not the suspect they were seeking from the 911 Call that the SPD 911 Dispatch Center had received. Mr. Leavell was clearly not seventeen years old, he had a beard, he had no gun present, in plain sight, or available to use, he had no weapon present, in plain sight, or available to use, he had cognitive deficits, he had a deformed and/or problematic right arm and hand, he was listening to music, he was not threatening anyone, and he was not causing any kind of commotion or disturbance. Despite all of these clear and present differences with the 911 caller, the above-named officers detained Mr Leavell against his will, with the threat of firearms, and then handcuffed him with his hands behind his back.

**AMENDED COMPLAINT FOR DAMAGES-5**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

3.6     When one or more of the above-named officers forced his paretic right arm behind his back to handcuff him, the officers injured Mr. Leavell's right arm and/or right forearm. Mr. Leavell suffered other injuries, including psychologist injuries as well from this incident.

3.7     As a result of the above-described wrongful actions, Mr. Leavell has suffered a variety of physical injuries and other damages in an amount to be proven at trial on this matter.

**IV.     FIRST CAUSE OF ACTION: UNCONSTITUTIONAL VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983: UNREASONABLE SEIZURE UNDER THE FOURTH AMENDMENT**

4.1     Plaintiff repleads the allegations contained in paragraphs 1.1 through 3.7 of this complaint, and incorporates the same by reference as if fully set forth herein.

4.2     The above described actions of the above-named Defendants Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, and Dickson constitute an unreasonable seizure of the person of Plaintiff Reymon in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.3     The City of Seattle is liable for the above-described constitutional violation under under 42 U.S.C. Section 1983 pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.

4.4     As a consequence, all of the above-named defendants, i.e. Defendants Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, Dickson, and the City of Seattle are liable under 42. U.S.C. Section 1983 to Reymon Leavell for all damages proximately caused by their unconstitutional actions.

**V.     SECOND CAUSE OF ACTION: UNCONSTITUTIONAL VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983: EXCESSIVE FORCE UNDER THE FOURTH AMENDMENT**

5.1     Plaintiff repleads the allegations contained in paragraphs 1.1 through 4.4 of this complaint, and incorporates the same by reference as if fully set forth herein.

**AMENDED COMPLAINT FOR DAMAGES-6**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

5.2     The above described actions of the above-named Defendant Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, and Dickson constitute the use or application of excessive force upon the person of Plaintiff Reymon Leavell in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.3     The City of Seattle is liable for the above-described constitutional violation under under 42 U.S.C. Section 1983 pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.

5.4     As a consequence, all of the above-named defendants, i.e. Defendants Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, Dickson, and the City of Seattle are liable under 42. U.S.C. Section 1983 to Reymon Leavell for all damages proximately caused by their unconstitutional actions.

**VI.    THIRD CAUSE OF ACTION: STATE TORT CLAIM OF NEGLIGENCE**

6.1     Plaintiff repleads the allegations contained in paragraphs 1.1 through 5.4 of this complaint, and incorporates the same by reference as if fully set forth herein.

6.2     On July 22, 2021, Plaintiff presented a non-judicial notice of claim to defendant City of Seattle.

6.3     Plaintiff's claim has not been satisfied.

6.4     More than 60 days has elapsed since the presentment.

6.5     Defendants  Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, and Dickson's actions toward Plaintiff constituted negligence.

6.6     Defendant City of Seattle is liable for the negligent actions of Defendants Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, and Dickson's based on Respondeat Superior.

**AMENDED COMPLAINT FOR DAMAGES-7**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com

6.7     As a consequence of their negligent actions, all of the above-named defendants, i.e. Defendants Monreal, LaPierre, Timbs, Accomando, Poblocki, Goodwin, Dickson, and the City of Seattle are liable for all damages proximately caused to Plaintiff Reymon Leavell.

## VII. LIMITED PHYSICIAN/PATIENT WAIVER

7.1     The plaintiff hereby waives the physician/patient privilege only to the extent required by RCW 5.60.060, as limited by the plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## VIII.  PRAYER

WHEREFORE, Plaintiff prays for the following relief, jointly and severally, against the above-named defendant;

1. Full compensatory damages, including, but not limited to loss of self-esteem, loss of enjoyment of life, shame, embarrassment, humiliation, pain and suffering and emotional distress, and other related damages to be proven at the time of trial;

2. Punitive Damages as allowed by law under 42 U.S.C. Section 1983 against the above-named Defendants;

3. Reasonable Attorney's Fees and/or Statutory Attorney's Fees under 42 U.S.C. Section 1983 and 1988 where allowed under Washington Statute and/or case law;

4. Costs;

5. Prejudgment Interest;

6. And for such other and further relief to be proven at the time of trial and as the court deems just and equitable.

**AMENDED COMPLAINT FOR DAMAGES-8**

Dated this 22nd day of September, 2021.

JAY H. KRULEWITCH, ATTORNEY AT LAW

s/Jay H. Krulewitch
Jay H. Krulewitch, WSBA #17612
Attorney for Plaintiff Reymon Leavell

P.0. Box 33546

Seattle, WA 98133

O: (206) 233-0828

F: (206) 628-0794

E: jay@krulewitchlaw.com

**AMENDED COMPLAINT FOR DAMAGES-9**

Jay H. Krulewitch
2611 NE 113th St. Suite 300
Seattle, WA 98125
(206) 233-0828
jay@krulewitchlaw.com